# EXHIBIT 6

**U.S. Department of Labor**  Office of Administrative Law Judges
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



Issue Date: 23 February 2017

CASE No.: 2016-SOX-00040

*In the Matter of:*

**MICHAEL OPELA,**
*Complainant,*

v.

**WAUSAU WINDOW AND WALL,**
*Respondent.*



## ORDER DISMISSING COMPLAINT AND CANCELING HEARING

Complainant has filed suit in a United States District Court for review of his retaliation complaints and has requested via electronic mail that "all proceedings before the Department be terminated" (See attached electronic mail).

I have previously dismissed all complaints arising under the Consumer Product Safety Improvement Act (CPSIA) filed by Complainant against Apogee Enterprises, Inc., Tubelite, Alumicor, Linetec, and Harmon in an order issued on February 2, 2017. As Complainant has not filed timely petition for review of this decision with the Administrative Review Board, these dismissals constitute the final order of the Secretary of Labor. 29 C.F.R. §§ 1983.109(e).[1] As such, these complaints are no longer before the undersigned.

By the same order, I also dismissed the complaint under the Sarbanes-Oxley Act (SOX) as amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act filed by Complainant against Apogee Enterprises, Inc. As is the case with the CPSIA complaints addressed above, this dismissal is now the final order of the

---

[1] I also note that final orders of the Secretary are not subject to judicial review in any civil proceeding, *see* 15 U.S.C. § 2087(b)(5)(B); 29 C.F.R. § 1983.112(b), except that within 60 days after the issuance of a final order, "any person adversely affected or aggrieved by a final order . . . may obtain review of the order in the United States Court of Appeals for the circuit in which the violation, with respect to which the order was issued, allegedly occurred or the circuit in which the complainant resided on the date of such violation." *See* 15 U.S.C. 2087(b)(5)(A); 29 C.F.R. § 112(a). Jurisdiction lies with the district court only when the Secretary of Labor has not yet issued a final decision. *See* 15 U.S.C. § 2087(b)(4); 29 C.F.R. § 1983.114(a).

Secretary in the absence of a timely petition for review of this decision with the Administrative Review Board. *See* 29 C.F.R. § 1980.109(e).[2] As such, these complaints are also no longer before the undersigned.

The only complaint still "before the Department" is the one Complainant has filed against Wausau Window and Wall under the CPSIA.[3] As to the requested relief concerning the remaining complaint arising under CPSIA, Complainant may bring such an action in district court if the Secretary has not issued a final decision within 210 days after the filing of the complaint." 15 U.S.C. § 2087(b)(4); *see* 29 C.F.R. § 1983.114. As more than 210 days have passed since Complainant filed the surviving complaint against Respondent and there is no final decision in this matter, the requested relief is lawful and appropriate. Accordingly, the complaint filed by Complainant against Wausau Window and Wall under the CPSIA is hereby **DISMISSED**. The hearing currently scheduled in this matter to begin on March 21, 2017, at or near Eau Claire, Wisconsin, is hereby **CANCELED**.

**SO ORDERED:**



Digitally signed by WILLIAM T. BARTO
DN: CN=WILLIAM T. BARTO,
OU=ADMINISTRATIVE LAW JUDGE,
O=US DOL Office of Administrative Law
Judges, L=Washington, S=DC, C=US
Location: Washington DC

**WILLIAM T. BARTO**
Administrative Law Judge

Encls
1- Email from Complainant's Counsel
2 – Complaint provided by Complainant's Counsel

---

[2] As noted in connection with the dismissed CPSIA complaints, a final order in a SOX case "is not subject to judicial review in any . . . other civil proceeding," *id.* § 1980.112(b), except that within 60 days after the issuance of a final order a complainant may appeal to the appropriate Court of Appeals as described above in connection with CPSIA complaints. *See id.* § 1980.112(a). Jurisdiction lies with the district court only when the Secretary of Labor has not issued a final order. *See* 18 U.S.C. § 1514A(b)(1)(B); 29 C.F.R. § 1980.114(a).

[3] Complainant's suit filed in district court purports to add Apogee Wausau Group as a party to his suit under the CPSIA. However, jurisdiction lies with the district court for such complaints only after Complainant has filed the complaint with the Department of Labor and there has been no final decision by the Secretary. *See* 15 U.S.C. § 2087(b)(4); 29 C.F.R. § 1983.114(a). There is no evidence before the undersigned that such a complaint against Apogee Wausau Group has been filed with the Department of Labor or that Complainant has otherwise exhausted his administrative remedies against this party under CPSIA.

- 2 -

# SERVICE SHEET

Case Name: OPELA_MICHAEL_v_APOGEE_INTERNATIONAL_

Case Number: **2016SOX00040**

Document Title: **Order Dismissing Complaint and Canceling Hearing**

I hereby certify that a copy of the above-referenced document was sent to the following this 23rd day of February, 2017:

**BRENDA D. SMITH**
LEGAL ASSISTANT

Chicago Regional Solicitor
Regional Solicitor
U. S. Department of Labor
Room 844
230 South Dearborn Street
CHICAGO IL 60604
    *{Hard Copy - Regular Mail}*

Associate Solicitor
Division of Fair Labor Standards
U. S. Department of Labor
Room N-2716, FPB
200 Constitution Ave., N.W.
WASHINGTON DC 20210
    *{Hard Copy - Regular Mail}*

Director
Directorate of Whistleblower Protection Programs
U S Department of Labor, OSHA
Room N 4618 FPB
200 CONSTITUTION AVE NW
WASHINGTON DC 20210
    *{Hard Copy - Regular Mail}*

Michael Opela
4730 Weinkauf Road
EDGAR WI 54426
    *{Hard Copy - Regular Mail}*

Wausau Window & Walls Systems
7800 International Drive
WAUSAU WI 54401
    *{Hard Copy - Regular Mail}*

Tubelite Inc.
3056 Walker Ridge Drive, NW
Suite G
WALKER MI 49544
    *{Hard Copy - Regular Mail}*

Linetec
7500 Stewart Ave
WAUSAU WI 54401
    *{Hard Copy - Regular Mail}*

Apogee Enterprises, Inc.
4400 West 78th Street
MINNEAPOLIS MN 55435
    *{Hard Copy - Regular Mail}*

SERVICE SHEET continued (2016SOX00040 Hearing Cancelled) Page: 2

Harmon, Inc.
7900 Xenes Avenue South
Suite 1800
BLOOMINGTON MN 55431-1159
    *{Hard Copy - Regular Mail}*

Alumicor Ltd.
290 Humberline Drive
TORONTO ONTARIO M9W5S2
CANADA
    *{Hard Copy - Regular Mail}*

Alex P Hontos, Esq.
Dorsey & Whitney LLP
Suite 1500
50th South Sixth Street
MINNEAPOLIS MN 55402-1498
    *{Hard Copy - Regular Mail}*

Shannon D McDonald, Esq.
McDonald & Kloth
1818 N Farwell Avenue
MILWAUKEE WI 53202
    *{Hard Copy - Regular Mail}*